1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN JOSE NEUROSPINE,<br><br>        Plaintiff,<br><br>    v.<br><br>CIGNA HEALTH AND LIFE INSURANCE<br>COMPANY, et al.,<br><br>        Defendants. | Case No. 16-CV-05061-LHK<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

Plaintiff San Jose Neurospine ("Plaintiff") sues Defendant Cigna Health and Life Insurance Company ("CHLIC") and Defendant Cigna Healthcare of California ("CHC") (collectively, "Defendants") for breach of California Health and Safety Code § 1371.4; breach of implied contract; breach of implied covenant of good faith and fair dealing; negligent misrepresentation; unjust enrichment; unfair business practices; quantum meruit; and recovery of payment for services rendered. *See* ECF No. 15 (First Amended Complaint, or "FAC").  Before the Court is Plaintiff's motion to remand.  Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's motion to remand.

I.     **BACKGROUND**

    A.     **Factual Background**

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

United States District Court
Northern District of California

Plaintiff is a medical service provider with its principal place of business in Campbell, California.  FAC ¶ 1.  On August 30, 2015, Plaintiff provided medical care to "Patient 'A.M.,'" a patient who is a participant in a self-funded employee health plan whose claims are administered by Defendant CHLIC, an insurance company with its principle place of business in Connecticut.  ECF No. 19-1 ("Price Decl."), at 2; *see* FAC ¶ 3.  Plaintiff states that it provided $125,000.00 worth of medical services to Patient A.M., but "Cigna has reimbursed [Plaintiff] for $28,570.00 of the total amount, leaving an unpaid balance of $96,430.000."  FAC ¶¶ 15–18, 36–40.

### B.      Procedural History

On July 29, 2016, Plaintiff filed suit against CHLIC in the Superior Court of Santa Clara County.  ECF No. 1-2 (Complaint, or "Compl.").  Plaintiff alleged that Plaintiff "called the Defendant at their designated telephone number to verify covered health benefits" prior to rendering medical care to Patient A.M.  *Id.* ¶ 26.  Plaintiff stated that, in providing medical care benefits to Patient A.M., Plaintiff relied on the reimbursement information that Defendant provided to Plaintiff over the telephone.  *Id.* ¶ 27.  Plaintiff alleged that CHLIC's failure to reimburse Plaintiff for the full amount of medical care provided to Plaintiff violated implied contracts that CHLIC made with Plaintiff.  *Id.* ¶ 33.

Based on these factual allegations, Plaintiff's Complaint asserted eight state law causes of action against CHLIC, including breach of California Health and Safety Code § 1371.4; breach of implied contract; breach of implied covenant of good faith and fair dealing; negligent misrepresentation; unjust enrichment; unfair business practices; quantum meruit; and recovery of payment for services rendered.  *Id.* ¶¶ 43–98.

On August 31, 2016, CHLIC answered Plaintiff's Complaint in state court.  *See* ECF No. 1-3.  On September 1, 2016, CHLIC timely removed the case to this Court.  ECF No. 1 ("Notice of Removal"), at 1–2.  On September 1, 2016, CHLIC answered the removed Complaint.  *See* ECF No. 1.

CHLIC's Notice of Removal asserted two bases for federal subject-matter jurisdiction.  *See* Notice of Removal at 2.  First, CHLIC asserted that a federal question existed, and thus that

2

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

jurisdiction was proper under 28 U.S.C. § 1331, because Plaintiff's state law causes of action were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1332(a).  *Id.*  Second, CHLIC asserted that diversity jurisdiction existed, and thus that jurisdiction was proper under 28 U.S.C. § 1332, because Plaintiff and CHLIC are citizens of different states and Plaintiff alleged in its Complaint that it suffered damages in the amount of $96,430.  *Id.*; *see also* Compl. ¶ 15.

On September 29, 2016, Plaintiff filed a First Amended Complaint.  ECF No. 15 (First Amended Complaint, or "FAC").  Plaintiff's FAC added CHC, a California corporation, as a defendant.  *Id.* at ¶¶ 1–4.  Plaintiff's FAC alleged substantially the same facts as Plaintiff's state court Complaint.  *See generally id.*  The FAC added only that CHC "is a California corporation with its principal place of business in the county of Los Angeles, California"; that CHC "operate[s] as a health care service plan pursuant to the Knox-Keene Health Care Service Plan Act of 1975"; and that "these two Cigna entitles coordinate their efforts, utilize the same employees and assets, have actual or ostensible authority to, and do in fact, act through one another and otherwise function as a unified whole."  *Id.* ¶¶ 2–4.  Plaintiff's FAC brought the same eight causes of action as Plaintiff's state court Complaint against CHLIC, but alleged these eight claims against both CHC and CHLIC without adding any facts about CHC's role in the causes of action.  *See id.* at ¶¶ 44–85.

Also on September 29, 2016, Plaintiff filed a motion to remand this case to California Superior Court.  ECF No. 13 ("Pl. Mot. to Remand").  Plaintiff's motion to remand argued that this case was not preempted by ERISA.  Specifically, Plaintiff contended that it asserted only state law causes of action and that these state law causes of action fell outside of ERISA's scope.  *Id.* at 1–8.  Plaintiff's motion to remand also asserted that, because CHC was a citizen of California, complete diversity did not exist.  *Id.* at 8.

On October 13, 2016, Defendants filed a response in opposition to Plaintiff's motion to remand.  ECF No. 19 ("Def. Opp. to Mot. to Remand").  Specifically, Defendants asserted that this Court had jurisdiction over Plaintiff's state law claims because diversity jurisdiction exists.

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

United States District Court
Northern District of California

1   *Id.* at 5–7.  Defendants contended that diversity jurisdiction existed at the time of removal and,

2   although Plaintiff amended its Complaint to add CHC as a party, CHC was added only as a "sham

3   defendant" to defeat diversity jurisdiction.  *Id.* at 6–7.  Defendants also asserted that, because

4   Plaintiff "could have brought" its claims under ERISA, Plaintiff's state law claims were

5   completely preempted by ERISA and thus arose under federal law.  *Id.* at 7–13.

6        On October 19, 2016, Plaintiff filed a reply in support of its motion to remand.  ECF No.

7   21 ("Pl. Reply to Mot. to Remand").  Plaintiff asserted that CHC was not a sham defendant and

8   that its FAC adequately alleged that CHC "is a California corporation"; that CHC "is licensed by

9   the Department of Managed Health Care to operate as a health care service plan"; and that CHC

10  and CHLIC "coordinate their efforts, utilize the same employees and assets, have actual or

11  ostensible authority to, and do in fact, act through one another, and otherwise function as a unified

12  whole."  *Id.* at 3.  Plaintiff further contended that Defendants had not established that Plaintiff's

13  state law claims were truly ERISA claims.  *Id.* at 4.

14       On October 13, 2016, CHLIC answered the FAC.  ECF No. 18.  On October 20, 2016,

15  CHC filed a motion to dismiss the FAC's claims against CHC.  ECF No. 22.  CHC asserted that it

16  was joined as a "sham defendant" and that Plaintiff had failed to state a claim against CHC.  *Id.*

17  On November 2, 2016, Plaintiff filed an opposition to CHC's motion to dismiss, arguing that the

18  "systematic contacts of CHLIC should be attributed to its subsidiary, CHCA."  ECF No. 23 ("Pl.

19  Opp. to Mot. to Dismiss"), at 5.  On November 10, 2016, CHC filed a reply in support of its

20  motion to dismiss.  ECF No. 28.

21  **II.      LEGAL STANDARD**

22       A suit may be removed from state court to federal court only if the federal court would

23  have had subject matter jurisdiction over the case.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v.*

24  *Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed

25  in federal court may be removed to federal court by the defendant.").  If it appears at any time

26  before final judgment that the federal court lacks subject matter jurisdiction, the federal court must

27  remand the action to state court.  28 U.S.C. § 1447(c).

28  

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

United States District Court
Northern District of California

1     The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial*

2     *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009)). "The removal

3     statute is strictly construed, and any doubt about the right of removal requires resolution in favor

4     of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing

5     *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

6  **III.    DISCUSSION**

7     Defendant CHLIC removed this case from state court on the grounds of both diversity

8  jurisdiction and federal question jurisdiction. *See* Notice of Removal at 2. In resolving whether

9  the Court has subject-matter jurisdiction over this case, the Court first considers whether ERISA

10  completely preempts Plaintiff's state law claims such that they arise under federal law, thus

11  establishing federal question jurisdiction. The Court then considers whether diversity jurisdiction

12  exists. In answering whether diversity jurisdiction exists, the Court must determine whether

13  Plaintiff can amend its Complaint after removal to add CHC as a non-diverse defendant. These

14  issues are discussed below in turn.

15  **A.    Federal Question Jurisdiction**

16     For the Court to have federal question jurisdiction over a complaint, the complaint must

17  arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under

18  federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen*

19  *v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). "The well-pleaded complaint rule is

20  the basic principle marking the boundaries of the federal question jurisdiction of the federal

21  district courts." *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (internal quotation marks

22  omitted). Plaintiff's FAC, like Plaintiff's Complaint, asserts only state law claims. Generally, a

23  complaint that asserts only state law claims does not arise under federal law. *Id.*

24     However, Defendants argue that Plaintiff's state law claims are completely preempted by

25  ERISA. In rare circumstances, "Congress may so completely pre-empt a particular area [of law]"

26  that a state law claim arising from this area of law "is necessarily federal in character." *Id.* at 63–

27  64. Thus, a completely preempted state law claim inherently arises under federal law, conferring

28

5

United States District Court
Northern District of California

1  federal question jurisdiction and allowing removal from state court to federal court.  The Court

2  thus considers whether Plaintiff's state law claims are completely preempted.

3          **1.**       **The Test for Complete Preemption Under ERISA**

4        ERISA completely preempts state law under 29 U.S.C. § 1132(a).  ERISA is a

5  "comprehensive legislative scheme" intended to protect the interests of participants in employee

6  benefit plans and their beneficiaries.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).  One

7  distinctive feature of ERISA is the integrated enforcement mechanism provided under 29 U.S.C. §

8  1132(a), which provides ten "carefully integrated civil enforcement provisions."  *Id.* (quoting *Pilot*

9  *Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)).  Congress "clearly manifested an intent to

10  completely preempt causes of action within the scope of § 1132(a), thereby making such causes of

11  action removable to federal court."  *Met. Life Ins.*, 481 U.S. at 66.

12        Under *Davila*, a state law claim is completely preempted by ERISA under 29 U.S.C. §

13  1132(a)'s comprehensive legislative scheme if the state law claim meets a two-prong test.  *See*

14  *Marin Gen. Hosp.*, 581 F.3d at 947 (9th Cir. 2009) (citing *Davila*, 542 U.S. at 210–12).  A state

15  law cause of action is completely preempted, and therefore removable, "only if *both* prongs of the

16  [*Davila*] test are satisfied."  *Id.* (emphasis added).

17        The first *Davila* prong asks "whether a plaintiff seeking to assert a state law claim 'at some

18  point in time, could have brought [the] claim under [29 U.S.C. § 1132(a)(1)(B)].'"  *Id.* (quoting

19  *Davila*, 542 U.S. at 210).  Section 1132(a)(1)(B) provides:  "A civil action may be brought—(1)

20  by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to

21  enforce his rights under the terms of the plan, or to clarify his rights to future benefits due to him

22  under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights

23  to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  The second *Davila*

24  prong asks "whether there is no other legal duty, independent of ERISA, that is implicated by a

25  defendant's actions.'"  *Marin Gen. Hosp.*, 581 F.3d at 949 (quoting *Davila*, 542 U.S. at 210)).

26  The Court thus turns to consider whether both of *Davila*'s prongs are satisfied here.

27          **2.**       **Defendants Have Not Shown That the First *Davila* Prong is Satisfied**

28

6

1        The Court first considers the first *Davila* prong, "whether a plaintiff seeking to assert a

2    state law claim "could have brought [the] claim under [§ 1132(a)(1)(B)]." *Id.*  As stated above, §

3    1132(a)(1)(B) provides that a "participant or beneficiary" may bring a civil action "to recover

4    benefits due to him under the terms of his [ERISA] plan, to enforce his rights under the terms of

5    the [ERISA] plan," or "to clarify his rights to future benefits" under the terms of the ERISA plan.

6    *See* § 1132(a)(1)(B).

7        Defendants argue that Plaintiff "could have brought" its state law claims under ERISA

8    because Patient A.M. "is a participant in a self-funded employee health plan whose claims are

9    administered by CHLIC" and because Plaintiff's state law allegations are, at bottom, founded on

10    CHLIC's alleged failure to pay Plaintiff the money owed under Patient A.M.s' health plan with

11    CHLIC.  Def. Opp. to Mot. to Remand at 7–15.  Plaintiff contends, however, that the first prong of

12    *Davila* is not satisfied "because [Plaintiff] does not have statutory standing to sue under ERISA,"

13    and thus Plaintiff could not have brought its state law claims under ERISA, as the first prong of

14    *Davila* requires.  Pl. Mot. to Remand at 6.  Thus, the Court considers whether Plaintiff has

15    standing to sue under ERISA.

16        ERISA provides that civil actions may be brought under the statute "by a participant,

17    beneficiary, fiduciary," and the Secretary of Labor.  29 U.S.C. § 1132(a).  Accordingly, as the text

18    of the statute establishes, ERISA does not enumerate healthcare providers such as Plaintiff as

19    individuals with standing.  *Id.*; *see Misic v. Bldg. Serv. Empls. Hlth. & Welfare Trust*, 789 F.2d

20    1374, 1378 (9th Cir. 1986) (recognizing that a third-party health care provider was not enumerated

21    by ERISA).  This does not end the inquiry, however.  The Ninth Circuit has recognized that health

22    care providers may sue under ERISA "derivatively, as assignee[s] of beneficiaries."  *Id.*

23        Here, Defendants assert that Plaintiff is an "assignee" of Patient A.M.'s health insurance

24    plan rights and benefits, and thus Plaintiff "could have brought" its claims under ERISA.  Def.

25    Opp. to Mot. to Remand at 9–11.  Specifically, Defendants makes three arguments in support of

26    Plaintiff's standing as an "assignee."  *See id.*  First, Defendants state that the Court can infer from

27    Plaintiff's Complaint that Patient A.M. assigned its benefits to Plaintiff.  *Id.* at 10.  Second,

28

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

United States District Court
Northern District of California

1    Defendants state that Patient A.M.'s self-funded employer health plan allows assignments.  *Id.*

2    Third, Defendants attach an "Appeal of Adverse Benefit Determination," that Plaintiff submitted

3    to CHLIC on behalf of Patient A.M., in which Plaintiff asserted that it was the "authorized

4    representative of the Patient and empowered to adjudicate appeals on health benefit claims on

5    behalf of the Patient."  *Id.* at 10, Price Decl., Ex. B.[1]

6        However, in the context of establishing standing under ERISA, courts have held that "[t]he

7    party asserting federal jurisdiction must show express evidence of an explicit assignment in order

8    for a court to find that the alleged assignee has standing."  *Bd. of Trustees of Laborers Hlth. &*

9    *Welfare Trust Fund for No. Cal. v. Doctors Med. Ctr. of Modesto*, 2007 WL 2385097, at *5 (N.D.

10   Cal. Aug. 17, 2007) (citing *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement*

11   *Plan*, 388 F.3d 393, 401 (3d Cir. 2004)).  Here, however, Plaintiff's Complaint does not allege any

12   assignment, and "Defendants have offered no proof that [Patient A.M.] validly assigned their

13   benefits to Plaintiff."  *Port Med. Wellness Inc. v. Conn. Gen. Life Ins. Co.*, 2013 WL 5315701, at

14   *4 (C.D. Cal. Sept. 18, 2013) (remanding case where Defendants failed to offer proof of

15   assignment).  For example, Defendants have not offered any evidence of a "claims form submitted

16   by Plaintiff reflecting" an assignment, nor have Defendants offered any declarations attesting to

17   the fact that Patient A.M. assigned its benefits to Plaintiff.  *See Lodi Mem. Hosp. Ass'n v. Tiger*

18   *Lines, LLC*, 2015 WL 5009093, at *5 (E.D. Cal. Aug. 20, 2015) (finding such evidence sufficient,

19   considered along with plaintiff's allegations in the complaint, to show that the plaintiff had

20   standing under ERISA for purposes of *Davila*'s first prong).  Rather, Defendants' declaration in

21   support of their opposition to remand states only that Patient A.M.'s benefits were *assignable*, not

22   that they were actually assigned.  Price Decl., at 3; *id.*, Ex. B.  Moreover, although Defendants

23   assert that Plaintiff held itself out to CHLIC as an "authorized representative of the Patient," *see*

24

25        [1]"Since Plaintiff's Motion to Remand challenges the basis of the court's jurisdiction, the
26   Court may consider evidence outside of the pleading." *Lodi Mem. Hosp. Ass'n v. Tiger Lines,*
     *LLC*, 2015 WL 5009093, at *5 (E.D. Cal. Aug. 20, 2015) (considering declarations and other
27   evidence attached to motion to remand in considering whether Plaintiff's claims were completely
     preempted by ERISA).
28

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

United States District Court
Northern District of California

1   Price Decl., Ex. B, Defendants offer no evidence or argument that an "authorized representative"

2   for purposes of an appeal with CHLIC is the same as an "assignee." *See* Def. Opp. to Mot. to

3   Remand at 10.

4            "[T]he removing party bears the burden of proving the existence of jurisdictional facts."

5   *Lodi Memorial Hosp. Ass'n, Inc. v. Am. Pac. Corp*, 2014 WL 5473540, at *4 (E.D. Cal. Oct. 20,

6   2014) (finding that the defendant failed to establish *Davila*'s first prong, and thus remanding case

7   to state court, where the complaint was silent on assignment and defendant offered no argument or

8   proof as to the fact of assignment).  Accordingly, because Defendants have failed to offer any

9   "evidence of an explicit assignment," the Court finds that Defendants have not met their burden to

10  prove the existence of jurisdictional facts.  *Doctors Med. Ctr. of Modesto*, 2007 WL 2385097, at

11  *5.  Thus, Defendants have not met their burden to establish that Plaintiff "could have brought" its

12  claims under ERISA.  *See Port Med. Wellness, Inc.* 2013 WL 5315701, at *4.

13           Because the Court finds that the first *Davila* prong is not satisfied, the Court need not

14  consider the second prong of the *Davila* test.  *See Marin Gen. Hosp.*, 581 F.3d at 947 ("The two-

15  prong test of *Davila* is in the conjunctive.").  Thus, because *Davila* is not satisfied, this Court does

16  not have subject matter jurisdiction under § 1331.  The Court turns to consider whether the Court

17  has diversity jurisdiction over Plaintiff's claims.

18  **B.      Diversity Jurisdiction**

19           Federal district courts have jurisdiction over suits for more than $75,000 between "citizens

20  of different States."  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction exists only in cases in which

21  the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar,*

22  *Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Here, the parties dispute only whether the requirement of

23  complete diversity is satisfied.

24           Significantly, at the time of removal, the parties were completely diverse.  Plaintiff is a

25  California citizen, and Plaintiff's original complaint brought suit against only CHLIC, a citizen of

26  Connecticut.  *See* Compl ¶ 1; Notice of Removal at 2.  Plaintiff does not contest that complete

27  diversity existed at the time of removal.  *See generally* Pl. Reply to Mot. to Remand.  However,

28

9

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

United States District Court
Northern District of California

after CHLIC removed Plaintiff's Complaint to this Court, and on the same day that Plaintiff moved to remand this case to state court, Plaintiff filed a FAC that added CHC, a California citizen, as a defendant.  *See* Pl. Mot. to Remand; FAC ¶ 2.  Accordingly, because both CHC and Plaintiff are citizens of California, Plaintiff's amendment of its complaint destroyed complete diversity.  *Caterpillar, Inc*, 519 U.S. at 68.  Thus, in determining whether diversity jurisdiction exists, the Court must consider the propriety of Plaintiff's amendment of its complaint to join CHC as a diversity-defeating defendant.

Plaintiff filed its FAC on September 29, 2016,[2] which is approximately twenty-eight days after Defendant answered Plaintiff's removed Complaint on September 1, 2016.  *See* FAC.  Under Rule 15 of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading."  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Accordingly, because Plaintiff amended its Complaint over twenty-one days after Defendant answered the Complaint, Plaintiff should have asked under Rule 15 for leave of Court to amend its Complaint.  *Id.*  Plaintiff did not do so.

Nonetheless, even if Plaintiff were permitted under Rule 15(a) to amend its complaint as of right, "when a party attempts to amend a complaint in a manner that destroys a federal court's jurisdiction, [28 U.S.C.] § 1447(e) gives the court discretion to consider the propriety and fairness of allowing that amendment."  *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999); *see also Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999) ("[A] district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court.").  Section 1447(e) provides: "if after removal the plaintiff seeks to

---

[2] Plaintiff attempted to amend its Complaint on September 26, 2016, but Plaintiff failed to list CHC as a defendant in the case caption.  *See* ECF No. 9.  Plaintiff filed a correct FAC on September 29, 2016.  *See* ECF No. 15.  Even if the September 26, 2016 date is considered, however, Plaintiff still filed its FAC over twenty-one days after September 1, 2016, the date that Defendant answered the removed Complaint.

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

1   join additional defendants whose joinder would destroy subject matter jurisdiction, the court may

2   deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e).

3       Thus, even though Plaintiff has already filed its FAC, the Court must still consider under

4   28 U.S.C. § 1447(e) whether the Court should exercise its discretion to allow Plaintiff to amend its

5   complaint to add CHC as a diversity-destroying defendant. *See Clinco*, 41 F. Supp. 2d at 1087;

6   *see also McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) ("[T]he

7   majority of district courts in the Ninth Circuit addressing the specific situation of a plaintiff

8   attempting to use a Rule 15(a) amendment 'as a matter of course' to destroy diversity jurisdiction

9   by adding claims against a non-diverse defendant have scrutinized the plaintiff's purposes for

10  amendment under § 1447(e)."). [3]

11      The "decision regarding joinder of a diversity destroying defendant is left to the discretion

12  of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Under §

13  1447(e), courts consider several factors in determining whether joinder should be permitted,

14  including:

15          (1) whether the party sought to be joined is needed for just
16          adjudication and would be joined under Federal Rule of Civil
            Procedure 19(a); (2) whether the statute of limitations would
17          preclude an original action against the new defendants in state court;
            (3) whether there has been unexplained delay in requesting joinder;
18          (4) whether joinder is intended solely to defeat federal jurisdiction;

19  _____

20      [3] The parties each argue the issue of fraudulent joinder. *See* Def. Opp. to Mot. to Remand
    at 6–7; CHC Mot. to Dismiss at 5. "Fraudulent joinder is an exception to the requirement of
21  complete diversity [at the time of removal] that permits a district court to disregard the citizenship
    of a non-diverse defendant when examining the propriety of removal on diversity jurisdiction
22  grounds." *McDonald v. Forest Labs., Inc.*, 2013 WL 1949349, at *2 (N.D. Cal. May 9, 2013).
    "Other circuits have explicitly held that the doctrine of fraudulent joinder is inapplicable to
23  proposed amendments *after* a suit has been removed." *Milton v. Xerox Corporation*, 2016 WL
    651130, at n.2 (W.D. Wash. Feb. 18, 2016) (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171
24  (5th Cir. 2009)). Similarly, district courts within the Ninth Circuit "have considered the issue of
    fraudulent joinder to be subsumed within the intent factor of a [28 U.S.C.] § 1447(e) analysis" if
25  the plaintiff amended its complaint after removal. *Id.*; *see also Taylor v. Honeywell Corp.*, 2010
    WL 1881459, at *2 n.1 (N.D. Cal. May 10, 2010); *McDonald*, 2013 WL 1949349, at *2. Thus,
26  this Court will analyze the parties' fraudulent joinder arguments in the context of § 1447(e), as
    discussed below.
27

28

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

(5) whether the claims against the new defendant appear valid; and
(6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de CV*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).  The Court thus considers each of these factors in turn.

### 1.  Whether the Party Sought to Be Joined is Needed for Just Adjudication

Under the first factor, the Court considers "whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a)."  *IBC Aviation*, 125 F. Supp. 2d at 1011.  "Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations."  *Id.* (citing Fed. R. Civ. P. 19(a)); *see also Chan v. Bucephalus Alt. Energy Grp., LLC*, 2009 WL 1108744, at *3 (N.D. Cal. Apr. 24, 2009) ("A proper party for joinder under Rule 19(a) is one having an interest in the controversy, and who ought to be made a party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." (internal quotation marks omitted)).

In evaluating whether to permit joinder under the first factor, courts "look at least for a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action."  *Boon v. Allstate Ins. Co*, 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002).  Here, Plaintiff's causes of actions relate to reimbursement owed to Plaintiff for medical care that Plaintiff gave to Patient A.M.  FAC ¶¶ 28–31.  Importantly, Patient A.M. has a self-funded health benefit plan whose claims are administered by CHLIC, not CHC.  *See* Price Decl., at 2–3.  CHLIC is responsible for processing and handling Patient A.M.'s claims, not CHC.  *Id.*; *see also* ECF No. 28-1 ("Jameson Decl."), at 2.  Accordingly, Plaintiff's causes of action arise out of *CHLIC*'s partial reimbursement to Plaintiff of the money owed for Patient A.M.'s medical care,

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

United States District Court
Northern District of California

and *CHLIC*'s representations to Plaintiff that Plaintiff would be reimbursed.  *See* FAC ¶¶ 15–18, 28–31.

Plaintiff points to no actual conduct by CHC that contributed to the harm alleged by Plaintiff.  Rather, Plaintiff alleges only three facts that are specific to CHC: that CHC "is a California corporation with its principle place of business in the county of Los Angeles," FAC ¶ 2; that CHC "is licensed by the Department of Managed Health Care to operate as a health care service plan pursuant to the Knox-Keene Health Care Service Plan Act of 1975," *id.*; and that CHC and CHLIC "coordinate their efforts, utilize the same employees and assets, have actual or ostensible authority to, and do in fact, act through one another, and otherwise function as a unified whole,"  FAC ¶ 4. Significantly, Plaintiff's motion to remand refers only to CHLIC as "Defendant," and Plaintiff's statement of facts in its motion to remand states that "[o]ne patient, who was a member under health plans sponsored, administered or financed by the Defendant, was admitted to [Plaintiff] and provided medically necessary care" and that "Defendant grossly underpaid, leaving a shortfall of $96,430.00."  Pl. Mot. to Remand at 3–4.

Indeed, Plaintiff discusses the liability of CHC only in Plaintiff's reply in support of its motion to remand.  *See generally* Pl. Reply to Mot. to Remand at 2–4.  There, Plaintiff states that CHC is a subsidiary of CHLIC, and Plaintiff contends that CHC and CHLIC "coordinate their efforts."  Pl. Reply to Mot. to Remand at 2.  According to Plaintiff, CHC may thus be held liable for the causes of action that Plaintiff asserts against CHLIC.  *See id.* at 2–4.

However, CHC has presented a declaration from its Secretary, William Jameson ("Jameson"), that CHC "is not a subsidiary of CHLIC, and CHLIC is not a parent company or holding company for CHCA."  Jameson Decl. at 2.  Further, Jameson avers that CHC and CHLIC employ different personnel and that "each utilize a different claims process and a different claims manual from the other, since each of them offer different coverage terms and each are subject to

13

United States District Court
Northern District of California

different regulatory structures." *Id.* Plaintiff offers no facts to contradict these statements, but rather presents a declaration that states only that "[t]he home page of Cigna's website . . . states in large font, 'Cigna,'" and that the website states that both CHC and CHLIC "offer insurance plans in all counties in the state." ECF No. 23-1 ("Van Parys Decl."), at 2.

In sum, Plaintiff's FAC and motion to remand show that Plaintiff's causes of action arise out of CHLIC's conduct. Pl. Mot. to Remand at 4 ("Defendant grossly underpaid, leaving a shortfall of $96,430.00"); FAC ¶¶ 28–31. CHC is not a subsidiary of CHLIC, and Plaintiff points to no further actions by CHC that link CHC to the facts alleged in Plaintiff's complaint. *See* Jameson Decl. at 2. Under these circumstances, CHC does not have a "high degree of involvement" in the facts at issue in this case. *Boon*, 229 F. Supp. 2d at 1022.

Moreover, even assuming that CHC and CHLIC are subsidiaries, there is no indication that Plaintiff could not obtain "complete relief" against CHLIC in the absence of CHC. *Clinco*, 41 F. Supp. 2d at 1082. Indeed, district courts have denied joinder of non-diverse subsidiaries where "it d[id] not appear that any greater or different relief could be obtained against the subsidiary than could not be obtained from the parent." *Buttons v. Nat'l Broad. Corp., Inc.*, 858 F. Supp. 1025, 1027 (C.D. Cal. 1994). The same is true here. As stated, CHLIC is the administrator of Patient A.M.'s claims, and CHLIC is the party accused of partially reimbursing Plaintiff. *See* Compl. ¶¶ 15, 36–40; FAC ¶¶ 28–31; *see also* Pl. Mot. to Remand at 4. Plaintiff makes no argument as to why CHC is needed as a party for Plaintiff to obtain complete relief for the misconduct alleged. Rather, "Plaintiff's allegations against [CHC] are brief and allege no basis for recovery against [CHC] separate and apart from the relief sought against [CHLIC]." *McGrath*, 298 F.R.D. at 608.

Finally, in evaluating the first factor under § 1447(e), district courts have also recognized that "a court has discretion to deny joinder of a party whose identity was ascertainable and thus

14

could have been named in the first complaint." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1282 (C.D. Cal. 2015) (finding that a defendant was not necessary where the non-diverse defendant was only tangentially related to the case and whose identity was ascertainable"); *see also Boon*, 229 F. Supp. 2d at 1023 (noting, in finding that the first § 1447(e) factor weighed against amendment, that plaintiff "could have stated a claim. . . against [the non-diverse defendant] in the original complaint"). Here, Plaintiff provides no rationale for why it waited until the FAC to add CHC as a defendant, rather than naming CHC in its state court Complaint. *See generally* Pl. Mot. to Remand. Under these circumstances, and for the reasons discussed above, the Court finds that the first factor weighs against amendment.

### 2. Statute of Limitations

The second factor considers whether "a statute of limitations would affect the plaintiff's ability to bring a separate suit against the new party." *Clinco*, 41 F. Supp. 2d at 1083. Plaintiff has not addressed any statutes of limitations, nor has Plaintiff suggested that any claims against CHC would be time-barred. This factor does not support allowing amendment. *See id*; *Boon*, 229 F. Supp. 2d at 1023 ("Plaintiffs do not argue that a new action against [Defendant] would be time-barred. Accordingly, this factor does not support allowing the amendment.").

### 3. Timeliness of Amendment

Under the third factor, the Court considers whether "the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. Plaintiff filed its original Complaint in state court on July 29, 2016. *See* Compl. Defendant answered the Complaint in state court on August 31, 2016, and removed and answered the removed complaint on September 1, 2016. *See* ECF No. 1. Plaintiff filed its FAC on September 29, 2016, which is two months after Plaintiff filed its original complaint, and approximately one month after Defendant filed its notice of removal and answer. *See* FAC; ECF No. 1.

15

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

District courts within this Circuit have found amendment timely when a plaintiff amended its complaint "less than three months after [plaintiffs] filed their original complaint in Superior Court, and less than a month after removal." *Boon*, 229 F. Supp. 2d at 1023; *see also Clinco*, 41 F. Supp. 2d at 1083 (finding that an amendment occurring after approximately six weeks was attempted in a timely fashion); *Cruz v. Bank of N.Y. Mellon*, 2012 WL 2838957, at *5 (N.D. Cal. July 10, 2012) (finding no delay where "Plaintiff filed the FAC approximately one month after the case was removed and approximately two months after the original complaint was filed in state court").

However, in *Boon*, *Clinco*, and *Cruz*, the removing defendant had either yet to file a responsive pleading to the original complaint or the plaintiff had amended its complaint within twenty-one days of the filing of a responsive pleading. *See, e.g.*, *Boon*, 229 F. Supp. 2d at 1023 ("[T]he Court finds that plaintiffs' First Amended Complaint, filed just ten weeks after the filing of their complaint and prior to any responsive pleading by defendant Allstate, is timely."); *Clinco*, 41 F. Supp. 2d at 1082, 1086 (finding six weeks not unreasonable where plaintiff amended complaint prior to a responsive pleading); *Cruz*, 2012 WL 2838957, at *3 (noting that the plaintiff had filed its FAC "within 21 days of Defendants' motion to dismiss"). Accordingly, those cases are distinguishable from the instant case where, although over twenty-one days had passed since Defendant answered the Complaint, Plaintiff filed its FAC without stipulation and without asking for leave of Court, in violation of Federal Rule of Civil Procedure Rule 15. *See* Fed. R. Civ. P. 15(a) & (b) ("In all other cases [other than 21 days after serving the pleading or 21 days after a responsive pleading is filed], a party may amend its pleading only with the opposing party's written consent or the court's leave.").

Moreover, courts considering the timeliness factor under § 1447(e) have also considered a plaintiff's explanations for any delay in amending its complaint. *See, e.g.*, *Boone*, 229 F. Supp. 2d

16

at 1023 (noting that plaintiffs "acted timely in filing the amendment especially in light of the substitution of new counsel that occurred during the early stages of the litigation"); *Chan*, 2009 WL 1108744, at *5 (finding amendment timely where plaintiff "filed her Amended Complaint only four days after discovering that the [non-diverse] defendant was not [a] member of [the diverse defendant], as [plaintiff] had previously believed"). Here, as discussed above, Plaintiff has offered no explanation as to why Plaintiff "did not know, and with the exercise of reasonable diligence could not have known, of the basis for his claims against [CHC]" at the time that Plaintiff filed its Complaint in state court. *See Murphy*, 74 F. Supp. 3d at 1285.

Accordingly, under these circumstances, the Court finds that the third factor weighs against amendment.

### 4. Motive for Joinder

Under the fourth factor, the Court considers "whether joinder is intended solely to defeat federal jurisdiction." *IBC Aviation*, 125 F. Supp. 2d at 1011. The Ninth Circuit has instructed that, because "motive in seeking joinder" is a relevant factor in determining whether amendment is appropriate, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). For the reasons discussed below, the Court finds that the circumstances here suggest that Plaintiff had an improper motive in adding CHC as a defendant in its FAC.

First, in evaluating motive, courts have considered whether the plaintiff was "aware of the removal" at the time the plaintiff amended its complaint. *Clinco*, 41 F. Supp. 2d at 1083; *Boon*, 229 F. Supp. 2d at 1024 (noting that plaintiff was aware of removal at the time that plaintiff filed its FAC, and that plaintiff was aware that the basis for removal was diversity jurisdiction). Here, as stated above, CHLIC removed the case on the basis of federal question and diversity

17

United States District Court
Northern District of California

jurisdiction on September 1, 2016.  *See* Notice of Removal at 1.  Plaintiff moved to remand the case on September 29, 2016.  *See* Pl. Mot. to Remand at 1.  On that same day, Plaintiff filed the FAC to add CHC as a non-diverse party.  *See* FAC.  Thus, Plaintiff was undoubtedly "aware of the removal" at the time that it amended its FAC, and Plaintiff also knew that CHLIC was asserting diversity jurisdiction as a basis for removal.  *See Boon*, 229 F. Supp. 2d at 1024.

Second, in considering motive for joinder, "courts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint."  *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016).  Here, "the original and first amended complaints are substantially similar."  *Clinco*, 41 F. Supp. 2d at 1083.  As discussed above, Plaintiff's FAC adds three factual allegations specific to CHC, including that it is a California corporation, it is licensed, and that it acts as a "unified whole" with CHLIC.  FAC ¶¶ 1–4.  Other than these allegations, Plaintiff's FAC alleges all of the same facts as Plaintiff's state court Complaint.  *See generally* Compl; FAC.  Additionally, Plaintiff's FAC asserts the same eight causes of action as Plaintiff's state court Complaint, and Plaintiff does not differentiate between the Defendants in the FAC in asserting these eight causes of action.  *Id.* ¶¶ 44–85.  Indeed, the FAC refers inconsistently to "Defendants" and "Defendant" throughout.  *See id.*  Thus, because the two "complaints are substantially similar," and the FAC contains only "minor" changes from the original complaint, the Court can infer improper motive.  *Clinco*, 41 F. Supp. 2d at 1083; *Forward-Rossi*, 2016 WL 3396925, at *4.

Third, courts evaluating a plaintiff's motive for amendment have considered whether a plaintiff has provided an explanation for why the plaintiff waited to assert claims against the non-diverse defendant.  *See Chan*, 2009 WL 1108744, at *5 (finding a proper motive for joinder where the plaintiff "amended her Complaint only after discovering that [the non-diverse defendant] was no longer associated with [the diverse defendant]").  Here, "Plaintiff has not explained why [it]

18

waited to bring claims against [CHC] until after this action was removed." *Murphy*, 74 F. Supp. 3d at 1284. Indeed, none of the factual allegations asserted against CHC appear to be in the exclusive control of Defendants or otherwise unknown to Plaintiff at the time of the filing of its state court Complaint. *See* FAC ¶¶ 1–4; Van Parys Decl. at 2. "In light of this, one could justifiably suspect that [Plaintiff's] amendment of the complaint was caused by the removal rather than an evolution of [Plaintiff's] case." *Clinco*, 41 F. Supp. 2d at 1083. Accordingly, the fourth factor does not support amendment.

### 5. Strength of Claims Against CHC

Under the fifth factor, the Court considers "whether a new claim sought to be added seems to have merit." *Id.* For the reasons discussed below, the Court concludes that they do not.

Plaintiff alleges the same eight causes of action against both Defendants. FAC ¶¶ 44–85. However, as discussed above, Plaintiff's causes of action arise out of Plaintiff's provision of medical care to Patient A.M., whose self-funded health benefit plan is administered and processed by CHLIC, not CHC. *See id.*; *see also* Jameson Decl., at 2. Indeed, Plaintiff's motion to remand mentions only CHLIC in its statement of facts, and states that "[o]ne patient, who was a member under health plans sponsored, administered or financed by the Defendant, was admitted to [Plaintiff] and provided medically necessary care," and that "Defendant grossly underpaid, leaving a shortfall of $96,430.00." Pl. Mot. to Remand at 4.

Again, the only factual allegations in the FAC that relate to CHC are Plaintiff's allegations that CHC is "is a California corporation," FAC ¶ 2; that CHC "is licensed by the Department of Managed Health Care to operate as a health care service plan," FAC ¶ 2; and that CHC and CHLIC "coordinate their efforts, utilize the same employees and assets, have actual or ostensible authority to, and do in fact, act through one another, and otherwise function as a unified whole." FAC ¶ 4. *See* Pl. Reply to Mot. to Remand at 3. Other than these three factual assertions, Plaintiff

19

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

does not otherwise contend that CHC was involved in administering Patient A.M.'s health insurance claim, or that CHC ever made representations to Plaintiff.

In its reply in support of its motion to remand, Plaintiff makes specific argumentation only as to Plaintiff's ability to bring a cause of action against CHC under Count Three, which alleges breach of the implied covenant of good faith and fair dealing.  *See* Pl. Reply to Mot. to Remand at 3–4.  "California law recognizes in every contract, including insurance policies, an implied covenant of good faith and fair dealing."  *Brehm v. 21st Century Ins. Co.*, 83 Cal. Rptr. 3d 410, 416 (Cal. Ct. App. 2008).  Generally however, under California law, "a 'bad faith' action lies only against the insurer as the party to the contract which gives rise to the implied covenant" of good faith and fair dealing.  *Monaco v. Liberty Life Assur. Co.*, 2007 WL 420139, at *4 (N.D. Cal. Feb. 6, 2007).  Plaintiff argues that, although CHC did not have a contract with Patient A.M. or Plaintiff, "where a subsidiary of an insurance holding company is operated by the parent company, and employees of the parent are managing and administering claims, then the parent company may be held liable on breach of the insurance contract and of the covenant of good faith and fair dealing."  *See* Pl. Reply to Mot. to Remand at 4.

Plaintiff's argument, however, is inapposite.  In seeking to add CHC as a defendant, Plaintiff is attempting to hold an alleged *subsidiary* company, CHC, liable for actions of its alleged *parent* company, CHLIC, even though Plaintiff alleges no independent actions of the subsidiary.  *See id.*  Thus, it is irrelevant whether, as Plaintiff argues, a parent company may be held liable for the actions of its subsidiary.  Further, as the Court discussed with regards to the first § 1447(e) factor above, CHC has presented a declaration that CHC is *not* a "subsidiary" of CHLIC.  Jameson Decl., at 2.

Moreover, the case that Plaintiff cites in support of this argument, *Tran v. Farmers Group, Inc.*, 104 Cal.App.4th 1202, 1218–19 (2002), is not applicable to the instant facts.  *See* Pl. Reply

20

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

to Mot. to Remand at 4.  That case involved the "unique relationship" of an interinsurance exchange, which is "an unincorporated business organization made up of subscribers" insured by the exchange and "managed by an attorney-in-fact."  *Monaco*, 2007 WL 420139, at *5; *Tran*, 104 Cal. App. 4th at 1218.  In the context of interinsurance exchanges, California courts have held that, "if the attorney-in-fact is such an integral part of the [interinsurance] exchange's business that equity requires it to be liable on the contract," the attorney-in-fact may be held liable for breach of the implied covenant of good faith and fair dealing, even though it is not a party to the insurance contract.  *Tran*, 104 Cal. App. 4th at 1218.  Otherwise, given the unique structure of an interinsurance exchange, the plaintiff would have no relief.  *See id.* at 1217–18 (explaining that a contrary rule, in the context of an interinsurance exchange, would "deprive a plaintiff from redress against the party primarily responsible for damages").

Here, by contrast, Defendants did not "act[] as an interinsurance exchange" and there is no suggestion "that Plaintiff would be without redress unless [it] is permitted to proceed against [CHC]."  *Monaco*, 2007 WL 420139, at *5 & n.9 (rejecting a plaintiff's reliance on *Tran* because, in contrast to *Tran*, the instant case involved a "traditional relationship between an insured and an insurer").  Thus, Plaintiff's arguments in support of holding CHC liable for breach of the implied covenant of good faith and fair dealing, even though CHC is not a party to any contract with Plaintiff, are unavailing.  Again, Plaintiff has not asserted any conduct by CHC that links CHC to the factual allegations underlying Plaintiff's claims.  *See* Pl. Mot. to Remand at 4; FAC ¶¶ 1–4.

Finally, in opposition to CHC's motion to dismiss the FAC, Plaintiff cites several additional cases.  *See* Pl. Opp. to Mot. to Dismiss.  These cases, however, do not support finding CHC liable for any misconduct.  To the contrary, the arguments and citations discussed by Plaintiff in opposition to CHC's motion to dismiss relate only to whether this Court may exercise *personal jurisdiction* over CHC, which is not at issue in this case.  *See id.* at 4–6.  For example,

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

United States District Court
Northern District of California

Plaintiff cites *Bellomo v. Penn. Life Co.*, 488 F. Supp. 744, 745 (S.D.N.Y. 1980), which addressed only the question of whether "the activities of the New York subsidiaries [of a holding company] may be attributed to the parent for purposes of venue and personal jurisdiction." *Bellomo*, 488 F. Supp. at 745.  However, whether CHLIC's conduct may be attributed to CHC for purposes of personal jurisdiction has no bearing on whether CHLIC's conduct may be attributed to CHC for the purposes of liability.  *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) ("[I]n order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'").  Thus, Plaintiff's arguments in response to CHC's motion to dismiss are also unavailing.

In sum, Plaintiff's causes of action arise out of CHLIC's reimbursement to Plaintiff for medical care given to Patient A.M., and CHLIC's administration of Patient A.M.'s account, not to any relationship that Plaintiff has with CHC.  *See* Pl. Mot. to Remand at 4; Price Decl., at 2. Plaintiff was partially reimbursed by CHLIC, not CHC.  *See* Pl. Mot. to Remand at 4.  Plaintiff has not asserted any specific misconduct by CHC, or otherwise connected CHC to any of the causes of action in its FAC. *See id.*; FAC ¶¶ 1–4.  Thus, consideration of the merits of Plaintiff's claims weighs against permitting amendment.

### 6. Prejudice to Plaintiff

Finally, the last factor considers whether Plaintiff will "suffer undue prejudice if the Court chooses not to exercise its discretion to allow joinder." *Boon*, 229 F. Supp. 2d at 1025.  It does not appear that Plaintiff will suffer prejudice here.  As discussed above, CHC is not involved in the events giving rise to Plaintiff's causes of action.  Plaintiff has named CHLIC as a defendant, and CHLIC has answered Plaintiff's Complaint.  *See* ECF No. 1.  Thus, CHLIC "remains a party to the action and a potential source for payment of damages." *Boon*, 229 F. Supp. 2d at 1025.

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Accordingly, this factor weights against amendment.

### 7.   Conclusion as to the § 1447(e) Discretionary Standard

For the reasons discussed above, the Court finds that none of the § 1447(e) discretionary factors support amendment.  As other courts have recognized, "[m]ost significant are the findings that none of the asserted claims against [the non-diverse defendant] appear valid and that the apparent reason for the proposed joinder is to add a party whose presence would defeat diversity jurisdiction." *Murphy*, 74 F. Supp. 3d at 1286.  Thus, the Court will exercise its discretion under § 1447(e) to not permit Plaintiff to amendment its Complaint to join CHC as a defendant.

Accordingly, "[c]onstruing [Plaintiff's] filing of the [FAC] as a motion for leave to amend, the Court denies the motion without prejudice" and STRIKES the claims against CHC in the FAC. *See Clinco*, 41 F. Supp. at 1088.  As a result, there is complete diversity between the parties, and the Court thus DENIES Plaintiff's motion to remand.

## III.   CONCLUSION

For the foregoing reasons, the Court STRIKES the claims against CHC in the FAC and DENIES Plaintiff's motion to remand.  Finally, because CHC has been dismissed, the Court DENIES AS MOOT CHC's separate motion to dismiss the FAC.[4]

**IT IS SO ORDERED.**

Dated: December 15, 2016

_____
LUCY H. KOH
United States District Judge

_____

[4] Accordingly, the hearing on CHC's motion to dismiss is hereby VACATED.  However, the December 22, 2016, initial case management conference remains as set at 1:30 p.m.

Case No. 16-CV-05061-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND