UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN JOSE NEUROSPINE,<br><br>          Plaintiff,<br><br>     v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>          Defendant. | Case No. 16-CV-05061-LHK<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 53 |

Plaintiff San Jose Neurospine ("Plaintiff") sues Defendant Cigna Health and Life Insurance Company ("CHLIC") for several state law causes of action. Before the Court is Plaintiff's motion for leave to file a Second Amended Complaint ("SAC"), which seeks to add Citrix Systems, Inc. ("Citrix") as a defendant. ECF No. 53. The Court finds this matter suitable for resolution without oral argument and hereby VACATES the motion hearing set for April 13, 2017, at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's motion for leave to file a SAC.

**I.     BACKGROUND**

**A.     Factual Background**

Plaintiff is a medical service provider with its principal place of business in Campbell,

California. ECF No. 15 (First Amended Complaint, or "FAC"), at ¶ 1. On August 30, 2015, Plaintiff provided medical care to "Patient 'A.M.,'" a patient who is a participant in a self-funded employee health plan whose claims are administered by Defendant CHLIC, an insurance company with its principle place of business in Connecticut. *See* FAC ¶ 3; ECF No. 19-1. Plaintiff states that it provided $125,000.00 worth of medical services to Patient A.M., but "Cigna has reimbursed [Plaintiff] for $28,570.00 of the total amount, leaving an unpaid balance of $96,430.000." FAC ¶¶ 15–18, 36–40.

### B. Procedural History

On July 29, 2016, Plaintiff filed suit against CHLIC in the Superior Court of Santa Clara County. ECF No. 1-2. Plaintiff alleged that Plaintiff "called the Defendant at their designated telephone number to verify covered health benefits" prior to rendering medical care to Patient A.M. *Id.* ¶ 26. Plaintiff stated that, in providing medical care benefits to Patient A.M., Plaintiff relied on the reimbursement information that CHLIC provided to Plaintiff over the telephone. *Id.* ¶ 27. Plaintiff alleged that CHLIC's failure to reimburse Plaintiff for the full amount of medical care provided to Patient A.M. violated implied contracts that CHLIC made with Plaintiff. *Id.* ¶ 33.

Based on these factual allegations, Plaintiff asserted eight state law causes of action against CHLIC, including breach of California Health and Safety Code § 1371.4; breach of implied contract; breach of implied covenant of good faith and fair dealing; negligent misrepresentation; unjust enrichment; unfair business practices; quantum meruit; and recovery of payment for services rendered. *Id.* ¶¶ 43–98.

On August 31, 2016, CHLIC answered Plaintiff's Complaint in state court. *See* ECF No. 1-3. On September 1, 2016, CHLIC timely removed the case to this Court on the basis of federal subject matter jurisdiction and diversity jurisdiction. ECF No. 1 ("Notice of Removal"), at 1–2. On September 1, 2016, CHLIC answered the removed Complaint. *See* ECF No. 1.

On September 29, 2016, Plaintiff filed a First Amended Complaint. *See* FAC. Plaintiff's FAC added Cigna Health of California ("CHC"), a California corporation, as a defendant. *Id.* at ¶¶ 1–4. Plaintiff's FAC alleged substantially the same facts as Plaintiff's state court Complaint.

*See generally id.* The FAC added only that CHC "is a California corporation with its principal place of business in the county of Los Angeles, California"; that CHC "operate[s] as a health care service plan pursuant to the Knox-Keene Health Care Service Plan Act of 1975"; and that "these two Cigna entities coordinate their efforts, utilize the same employees and assets, have actual or ostensible authority to, and do in fact, act through one another and otherwise function as a unified whole." *Id.* ¶¶ 2–4. Plaintiff's FAC brought the same eight causes of action as Plaintiff's state court Complaint against CHLIC, but alleged these eight claims against both CHC and CHLIC without adding any facts about CHC's role in the causes of action. *See id.* at ¶¶ 44–85.

Also on September 29, 2016, Plaintiff filed a motion to remand this case to California Superior Court. ECF No. 13. Plaintiff's motion to remand argued that ERISA did not completely preempt Plaintiff's state law claim, and thus federal question jurisdiction did not exist. *Id.* at 1–8. Plaintiff's motion to remand also asserted that, because CHC was a citizen of California, complete diversity did not exist. *Id.* at 8.

On October 13, 2016, Defendants CHC and CHLIC filed a response in opposition to Plaintiff's motion to remand, which argued that CHC was joined as a "sham defendant" in order to defeat diversity jurisdiction. *See* ECF No. 19. Defendants also argued that federal question jurisdiction existed because Plaintiff's state law causes of action were completely preempted by ERISA. *Id.* On October 19, 2016, Plaintiff filed a reply in support of its motion to remand. ECF No. 21.

On October 13, 2016, CHLIC answered the FAC. ECF No. 18.

On October 20, 2016, CHC moved to dismiss the FAC's claims against CHC. ECF No. 22. On November 2, 2016, Plaintiff filed an opposition. ECF No. 23, at 5. On November 10, 2016, CHC filed a reply. ECF No. 28.

On December 15, 2016, the Court denied Plaintiff's motion to remand. ECF No. 46. The Court found that Defendants had failed to show that ERISA completely preempted Plaintiff's state law claims such that federal question jurisdiction existed. *Id.* at 5. However, the Court held that diversity jurisdiction existed. *Id.* Specifically, the Court exercised its discretion under 28 U.S.C.

3
Case No. 16-CV-05061-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

§ 1447(e) to deny Plaintiff's post-removal joinder of CHC as a diversity destroying defendant. *Id.* at 10. The Court found that "Plaintiff point[ed] to no actual conduct by CHC that contributed to the harm alleged by Plaintiff, that Plaintiff's amendment was untimely, and that the Court suspected that Plaintiff's amendment was intended only to defeat diversity jurisdiction, rather than state a viable claim against CHC. *See id.* at 12–23. Accordingly, the Court struck CHC from Plaintiff's FAC, denied Plaintiff's motion to remand, and denied as moot CHC's separate motion to dismiss. *Id.* at 23.

On December 22, 2016, the Court entered a Case Management Order and set a case schedule. ECF No. 50. The Court set January 3, 2017, as the last day to amend pleadings or add parties. *Id.* at 2.

On January 28, 2017, Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC"), which sought to add Citrix as a defendant. ECF No. 53 ("Mot."). Plaintiff explained that Citrix is the employer of Patient A.M. and the "plan payor" of Patient A.M.'s self-funded benefit plan. *Id.* According to Plaintiff, "[n]ewly discovered information" made it necessary for Citrix to be added as a defendant in order for Plaintiff to obtain complete relief. *Id.*

On February 10, 2017, CHLIC filed an opposition to Plaintiff's motion. ECF No. 55 ("Opp."). Plaintiff did not file a Reply.

## II. LEGAL STANDARD

Rule 15(a) states that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). In general, the Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

However, in cases where, as here, a party moves to amend or add a party after the Court's deadline for filing motions or amending the pleadings, Federal Rule of Civil Procedure 16 governs, and the party must show good cause and obtain the judge's consent to modify the deadlines set by the Court. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good

4
Case No. 16-CV-05061-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

cause and with the judge's consent."). "The 'good cause' standard primarily considers the diligence of the party seeking amendment. Carelessness is not compatible with a finding of diligence and offers no reason to grant relief." *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995) (internal alternations and quotations omitted) (quoting *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).

### III.   DISCUSSION

Plaintiff's briefing assumes that Federal Rule of Civil Procedure 15(a) provides the relevant legal standard for Plaintiff's motion for leave to file a SAC. *See* Mot. However, as the Ninth Circuit held in *Mammoth Recreations*, where a district court has entered a pretrial scheduling order pursuant to Rule 16(b) that provides a deadline by which to amend the pleadings, Rule 16 provides the relevant legal standard for whether amendment should be allowed. *Mammoth Recreations*, 975 F.2d at 607–08. The Court entered a Case Management Order on December 22, 2016, that set January 3, 2017 as the last day to amend the pleadings or add parties. ECF No. 50, at 2. Accordingly, Plaintiff's motion for leave to file a SAC, which was filed on January 28, 2017, is governed by Rule 16(b). Thus, the relevant inquiry is whether Plaintiff has shown "good cause" to modify the Court's case schedule, as required under Rule 16(b).

"A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). It is the moving party's burden to show that it acted diligently to comply with the Court's deadline but was unable to comply "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 1307112, at *3 (N.D. Cal. Mar. 23, 2015) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

Plaintiff has failed to meet its "burden to show that it acted diligently to comply with the Court's deadline" to amend the pleadings. *Matrix Motor Co.*, 218 F.R.D. at 671. Plaintiff asserts

that it obtained "newly discovered evidence" during "discovery and mediation" that showed that Citrix was Patient A.M.'s "employer and the responsible paying party for the health services at issue." Mot. at 3–4. Specifically, Plaintiff's declaration in support of its motion for leave to file a SAC states that "Plaintiff discovered Citrix Systems Inc. was the responsible party when during mediation it was discovered the patient involved in the case had a self-funded plan through his employer, Citrix Systems, Inc." ECF No. 53-1 ("Parys Decl."), at ¶ 3. Plaintiff further states that Citrix's name was "on the checks to Plaintiff and on the plan policy disclosed by [CHLIC] during discovery." *Id.*

However, CHLIC asserts in its opposition that "[P]laintiff received the[] checks that it claims as evidence of Citrix Systems, Inc.'s involvement in December 2015 and February 2016." Opp. at 10. CHLIC supports this assertion with a declaration from CHLIC's legal liason, Barbara Price, as well as attached exhibits. *See* ECF No. 55-1 ("Price Decl."), Exs. A & B. Significantly, Plaintiff did not file a reply to CHLIC's opposition. Accordingly, Plaintiff has not contested CHLIC's assertion that Plaintiff received the documents showing Citrix's involvement in this case as early as December 2015. Thus, unrebutted evidence shows that Plaintiff obtained documents showing Citrix's involvement in this case approximately seven months before Plaintiff filed the original Complaint on July 29, 2016, and over one year before Plaintiff filed the instant motion on January 28, 2017.

Furthermore, even assuming that Plaintiff did not receive documents showing Citrix's involvement in December 2015 or February 2016, the record shows that Plaintiff should have been aware of Citrix's involvement in this case by October 13, 2016, at the latest. Specifically, on October 13, 2016, CHLIC filed an opposition to Plaintiff's motion to remand. ECF No. 19. CHLIC attached to their opposition a declaration stating that "Patient A.M. is a participant in a self-funded employee health plan whose claims are administered by CHLIC." ECF No. 19-1, at ¶ 5. The declaration contained an excerpt of Patient A.M.'s self-funded employee health plan ("Plan") that stated: "This is not an insured benefit plan. The benefits described in this booklet or any rider attached hereto *are self-insured by Citrix Systems, Inc.* which is responsible for their

payment. [CHLIC] provides claim administration services to the plan, but [CHLIC] does not insure the benefits described." *Id.* ¶ 6 (emphasis added). CHLIC also attached to its motion to remand a copy of the Plan. *See id.*, Ex. A. The first words on the first page of the Plan are "Citrix Systems, Inc." *Id.* Moreover, the Plan's paragraph on "ERISA Required Information" states: "The name of the Plan is: Citrix Systems, Inc. Welfare Benefit Plan." *Id.* at 51. This document also provides Citrix's business address and phone number. *Id.* at 51.

Accordingly, given CHLIC's opposition to Plaintiff's motion to remand, Plaintiff should have been aware of Citrix's involvement in this case by October 13, 2016, which is approximately three months prior to the January 3, 2017 deadline to amend the pleadings or add parties, and almost four months prior to Plaintiff's filing of the instant motion on January 28, 2017.

In sum, the Court finds that Plaintiff has failed to show that it acted diligently in seeking leave to amend the SAC to add Citrix as a party. CHLIC has provided unrebutted evidence that Plaintiff was provided with documents showing Citrix's involvement in this case as early as December 2015, which is seven months prior to the date that Plaintiff filed the original complaint on July 29, 2016, and more than one year before Plaintiff's filing of the instant motion on January 28, 2017. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("The good cause standard typically will not be met where the party . . . has been aware of the facts and theories supporting amendment since the inception of the action."). Moreover, at the latest, Plaintiff should have been aware of Citrix's involvement in this case on October 13, 2016, when CHLIC filed its motion to remand. Nonetheless, Plaintiff failed to add Citrix as a party prior to the January 3, 2017 deadline set by the Court.

As the Ninth Circuit has instructed, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Mammoth Recreations*, 975 F.2d at 609. "If [the moving] party was not diligent, the inquiry should end." *Id.* The Court therefore concludes that Plaintiff has not satisfied Rule 16's "good cause" requirement to modify the Court's case management schedule. The Court DENIES Plaintiff's motion for leave to file a SAC.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to file a SAC.

**IT IS SO ORDERED.**

Dated: March 30, 2017

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge